**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4548**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GABRIEL PALACIOS-JAIMES,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00375-CCE-4)

_____

Submitted:  September 19, 2024              Decided:  September 23, 2024

_____

Before NIEMEYER, RICHARDSON, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** William R. Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Palacios-Jaimes pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. The district court sentenced Palacios-Jaimes to 188 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Palacios-Jaimes's guilty plea, including the voluntariness of the plea and the adequacy of the factual basis supporting the plea. Although informed of his right to do so, Palacios-Jaimes has not filed a pro se supplemental brief, and the Government has elected not to file a brief. We affirm.

Because Palacios-Jaimes did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). In reviewing the adequacy of the court's compliance with Rule 11, "[w]e accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*,

2

591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).  We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Palacios-Jaimes's guilty plea is valid.  Specifically, we see no evidence in the present record that Palacios-Jaimes was threatened or coerced into entering a guilty plea, and the factual basis adequately supports his plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Palacios-Jaimes, in writing, of the right to petition the Supreme Court of the United States for further review.  Accordingly, we deny counsel's motion to withdraw as counsel.  If Palacios-Jaimes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Palacios-Jaimes.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*